## EZRA GODDARD *vs.* JOHN DIVOLL.

An administrator suffered judgment to be rendered against himself, in an action brought for his own benefit in the name of another, and, in the levy of the execution upon the intestate's estate, acted both as defendant and as agent of the nominal plaintiff. *Held*, that the proceedings were unwarrantable and collusive, and that such levy was void as against another creditor of the intestate who made a regular levy on the same estate.

THIS was a real action for the recovery of land in Holden. The demandant claimed title under a levy of an execution is-

sued on a judgment recovered by him against Francis Thaxter, administrator of the estate of Samuel Whitney. The action, in which said judgment was recovered, was commenced against said Whitney on the 26th of June, 1830, and the demanded premises were attached on that day. Said Whitney died in 1834, pending said action. On the 17th of November, 1835, said Thaxter was appointed administrator of his estate, and, at the following December term of the court of common pleas, became party to said action and suffered judgment to be rendered against himself, as such administrator.

Before said action was commenced against Whitney, said Thaxter became interested in the claim which the action was brought to enforce, and the action was commenced and prosecuted for his benefit, in the name of Goddard, the demandant, who had no interest in the judgment that was recovered, but the same, by agreement between him and Thaxter, was to enure to the sole benefit of the latter.

When the execution was levied on the demanded premises, the demandant was not present, but Thaxter acted as his agent, appointed an appraiser for him, and also an appraiser for himself, showed the premises to the appraisers, received possession thereof from the officer, and paid him the fees of the levy.

The tenant claimed title to the demanded premises, under a levy of an execution on the 6th of April, 1832, in the lifetime of said Whitney. But the attachment on the tenant's original writ was not made until after the demandant's attachment; viz. on the 7th of November, 1830.

On these facts appearing at the trial, before *Dewey*, J. he advised a nonsuit, on the ground that Thaxter, being the sole person interested as creditor in the said judgment recovered by Goddard, could not, as administrator of the original defendant, appear and authorize a judgment to be rendered against the estate of Whitney in his hands, and levy execution on the land in question, and thus defeat the tenant's levy. The demandant thereupon became nonsuit, subject to the opinion of the whole court.

*C. Allen*, for the demandant.

*Bigelow* and *Washburn*, for the tenant, cited 1 Story on Eq. 316–318.    Story on Agency, 11, 199.

PUTNAM, J.    The attachment, on which the demandant relies, was made June 26th, 1830, before the attachment which was made by the tenant.    Both parties claim the demanded premises as the estate of Samuel Whitney ; so that the demandant should prevail, if the proceedings, under his attachment and process against Whitney's estate, were legal.

The case finds, in effect, that Thaxter was the owner of the judgment recovered by Goddard, against the estate of Whitney in the hands of Thaxter as administrator ; that Thaxter prosecuted the suit against himself, in Goddard's name — thus representing the estate of Whitney, which was the debtor, and also representing Goddard, who was the creditor of record.    In the levy of the execution also, Thaxter represented both parties. The suit was, to all intents, the suit of Thaxter against himself, though it was carried on in the name of Goddard.    As administrator, Thaxter submitted to a judgment against the estate, in just the amount, which he, as actual creditor, and as agent of the nominal creditor, desired.    Then came the farce of a levy ; Thaxter appointing two appraisers, one as administrator, another as representative of Goddard, the nominal plaintiff.    The estate of Whitney was thus formally set off to Goddard, to enure to Thaxter, and these proceedings are now put forth to defeat the regular adverse levy of the tenant's execution on the same estate.    A mere statement of the facts is sufficient to show that the demandant's claim cannot be supported.    His judgment, and the proceedings thereon, were collusive and unwarrantable. The nonsuit was properly advised, and must be confirmed.